# ORIGINAL

# In the United States Court of Federal Claims

Case No. 14-535C
Filed: January 26, 2015
NOT TO BE PUBLISHED

FILED

JAN 2 6 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| | \* |
| | \* |
| CLYDE B. WILLIAMS, | \* |
| | \* |
| Plaintiff, *pro se*, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Clyde B. Williams**, *pro se*.

**Matthew P. Roche**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

## I.   RELEVANT FACTUAL BACKGROUND.[1]

On August 10, 2001, Plaintiff was convicted of three counts of first degree sexual assault of a minor under Wisconsin state law. Gov't Mot. App. at 5, 7. Other charges were dismissed. Gov't Mot. at 2.

In 2002, Plaintiff was sentenced to two fifty-year terms of imprisonment for the first two counts, and a forty-year term for the third count. Gov't Mot. at 2. In 2003, the State of Wisconsin Circuit Court of Racine County reduced the first two sentences to thirty years to conform to the statutory maximums. Gov't Mot. at 2 (citing Gov't Mot. App. at 7). In 2004, the Court of Appeals of Wisconsin affirmed all three convictions against Plaintiff. *See Williams v. Maroney*, 113 F.

---

[1] The relevant facts discussed herein were derived from Plaintiff's June 23, 2014 Complaint and the unnumbered Exhibits attached thereto ("Compl."), and the Government's September 3, 2014 Motion to Dismiss ("Gov't Mot.") and Appendix ("Gov't. Mot. App.").

App'x 709, 710 (7th Cir. 2004); *see also State v. Williams*, 677 N.W.2d 691, 705 (Wis. Ct. App. 2004).

## II.   PROCEDURAL HISTORY.

On September 5, 2013, Plaintiff filed a Complaint with the United States Court of Federal Claims, alleging unjust conviction and seeking "Military Pay Retirement [and] Social Security benefits." *See Williams v. United States*, No. 13-645C, __ Fed. Cl. __ (Jan. 30, 2014) (unpublished order) (*"Williams I"*), at *1; Compl. at 2.

On January 30, 2014, the United States Court of Federal Claims dismissed Plaintiff's claims for lack of subject-matter jurisdiction, as Plaintiff was not convicted of any offenses against the United States; the court did not have jurisdiction to entertain claims for veterans benefits and Social Security benefits; the court is not authorized to adjudicate collateral attacks upon his conviction; and the Due Process Clause of the Fifth Amendment is not a money-mandating provision. *Williams I*, No. 13-645 C, at *1; Compl. at 2.

On June 23, 2014, Plaintiff filed a second Complaint seeking monetary damages for Plaintiff's unlawful imprisonment and for "Military Pay Retirement" and "Civilian VA-Disability Annuity." Compl. at 1–2. The Complaint cites various cases, United States Code provisions, and Wisconsin state laws that require the reversal of convictions based on insufficient evidence. Compl. at 2. Plaintiff asks the court to award "VA-Retroactive benefits" of $650,000 for his alleged unjust conviction and $1,300,000 for damages resulting from that conviction. Compl. at 2.

On August 7, 2014, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to RCFC 12(b)(1), because the claims alleged in the June 23, 2014 Complaint are essentially the same as those in Plaintiff's September 5, 2013 Complaint. Gov't Mot. at 3 ("As with the previous case, [Plaintiff] seeks damages for unjust conviction, veterans benefits, and unspecified benefits pursuant to the Due Process Clause of the Fifth Amendment.").

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to

identify a substantive right for money damages against the United States separate from the Tucker Act itself."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.      Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(1).

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of the court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.      The Court's Resolution.

As a threshold matter, a complaint must establish that the court has jurisdiction to adjudicate an alleged claim. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (holding that the plaintiff "bears the burden of establishing the court's jurisdiction over its claims by a preponderance of the evidence"). The United States Court of Federal Claims may only issue judgments for money damages against the United States, if the cause of action is grounded in a contract, a money-mandating statute, or the Takings Clause of the Fifth Amendment. *See* 28 U.S.C § 1491; *see also Testan*, 424 U.S. at 398 (holding that the Tucker Act "does not create a substantive right enforceable against the United States for money damages" and that it "merely confers jurisdiction upon it whenever the substantive right exists"). Plaintiff's claims, however, are almost identical to those alleged in the September 5, 2013 Complaint that was dismissed, pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. *See generally Williams I*, No. 13-645C.

Specifically, as to Plaintiff's veterans' benefits claims, the United States Court of Federal Claims statutorily is not authorized to adjudicate veterans' benefits determinations. *See* 38 U.S.C. § 511(a) (stating that decisions by the Secretary are "final and conclusive and may not be reviewed by any other official or by any court," subject to certain exceptions[2]); *see also Fierro v. United*

---

[2] These exceptions include: referrals by the Secretary to the United States Court of Appeals for the Federal Circuit pursuant to Section 502; civil actions or claims against the United States over which the district courts of the United States have jurisdiction and suits on insurance pursuant to Sections 1975 and 1984, respectively; matters involving housing and small business loans

*States*, 72 Fed. Cl. 1, 6 (2006), *aff'd*, 501 F.3d 1349 (Fed. Cir. 2007) (holding that the United States Court of Federal Claims does not have jurisdiction over claims for denial of veterans' benefits). Instead, if the Department of Veterans' Affairs denies a veteran's application for benefits, the veteran may appeal the denial to the Board of Veterans' Appeals ("BVA"). *See* 38 U.S.C. § 7104(a) ("All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the [BVA]."). The veteran may appeal decisions by the BVA to the United States Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the [BVA]."). And, the veteran may appeal decisions by the United States Court of Appeals for Veterans Claims to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7292(c) (granting the United States Court of Appeals for the Federal Circuit exclusive jurisdiction to review the denial of veteran benefits by the United States Court of Appeals for Veterans Claims); *see also Lane v. United States*, No. 13-571C, at *4 (Fed. Cl. Mar. 24, 2014) (stating that Section 7292 "specifies the fora where Plaintiff may seek redress for denial of his disability benefits, and [the United States Court of Federal Claims] is not among them"), *aff'd*, 573 F. App'x 930 (Fed. Cir. 2014) ("Decisions of the Department of Veteran Affairs may only be appealed to the United States Court of Appeals for Veterans Claims and then to [the United States Court of Appeals for the Federal Circuit]."). In this case, however, the January 30, 2014 Complaint fails to allege that Plaintiff's veterans' benefits claims were grounded in a contract, a money-mandating statute, or the Takings Clause of the Fifth Amendment. As such, this court has no jurisdiction to adjudicate Plaintiff's veterans' benefits claims.

As for Plaintiff's Fifth Amendment Due Process claim, as a matter of law, a plaintiff must demonstrate that the source of substantive law upon which he or she relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400; *see also Mitchell*, 463 U.S. at 216 (same). The Fifth Amendment's Due Process clause is not money-mandating. *See Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980) ("[T]he Due Process . . . guarantees of the Fifth Amendment . . . do not obligate the Federal Government to pay money damages."). As such, the court does not have subject matter jurisdiction to adjudicate this claim. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of Claims has no jurisdiction based on Fifth Amendment Due Process Clause). As such, the court also does not have jurisdiction over Plaintiff's Fifth Amendment Due Process claim.

Finally, as the court stated in *Williams I*, Plaintiff was not convicted of any offense against the United States, but of violating Wisconsin state law. *See Williams I*, No. 13-645C. As a matter of law, the United States Court of Federal Claims has no authority to adjudicate a claim, unless the United States is party. *See* 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."). In this case, Plaintiff does not meet the

---

pursuant to Chapter 37; and matters before the United States Court of Appeals for Veterans Claims pursuant to Chapter 72. *See* 38 U.S.C. § 511(b).

predicate statutory requirements of 28 U.S.C. § 2513[3], because Plaintiff remains imprisoned for violations of Wisconsin state law. Gov't Mot. App. at 2.

## IV.   CONCLUSION.

For these reasons, the court grants the Government's August 7, 2014 Motion To Dismiss for a lack of subject matter jurisdiction. *See* RCFC 12(b)(1). The Clerk is directed to dismiss Plaintiff's the June 23, 2014 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**

---

[3] Section 2513 states, in relevant part:

(a) Any person suing under Section 1495 of this title must allege and prove that:

(1) his conviction has been *reversed or set aside* on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction[.]

28 U.S.C. § 2513 (emphasis added).